**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. 05-cv-01933-WDM-MEH

ROBERT L. KEENAN AND EUGENE G. SENA,

Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES; MARVA L. HAMMONS, Executive Director in her official capacity; CROWLEY COUNTY, COLORADO, BOARD OF COMMISSIONERS; T.E. ALLUMBAUGH, Commissioner, in his official and individual capacities; MATTHEW HEIMERICH, Commissioner, in his official and individual capacities; DWIGHT L. GARDNER, in his official and individual capacities,

Defendants.

**STIPULATED PROTECTIVE ORDER**

THIS COURT, hereby enters the following Stipulated Protective Order:

The parties will follow the procedures set forth in this Protective Order (the "Protective Order") with respect to disclosure of information, documents, or things in this litigation:

**1.  Confidential Information.**

a) As used in this Protective Order, "CONFIDENTIAL" or "CONFIDENTIAL INFORMATION" shall mean any information, document, or thing, that a party (the "Designating Party") furnishes in the course of this litigation and in good faith designates as CONFIDENTIAL INFORMATION pursuant to Sections 1(b) to (d) below. CONFIDENTIAL INFORMATION shall also include records and documents kept by or obtained from the Crowley County Department of Social Services and which

are confidential pursuant to C.R.S. § 26-1-114 and any regulations pertaining thereto.

b) A party may designate its answers to interrogatories, responses to requests for admissions, any documents produced in response to a request for production of documents, subpoena duces tecum, or otherwise, or any other information provided by it as CONFIDENTIAL INFORMATION by stamping or affixing the word "CONFIDENTIAL" upon the first page of the document, taking care to avoid obscuring any text, before providing it to the opposing party. Information marked CONFIDENTIAL shall not be utilized or disclosed by a receiving party (the "Recipient Party"), its attorneys, its agents, or its employees, except in accordance with the terms of this Protective Order. Nothing contained herein shall prevent a Designating Party, who has designated a document as CONFIDENTIAL, from later rescinding such designation.

c) In the case of CONFIDENTIAL INFORMATION in a non-paper medium, e.g., video or audio tape, computer discs, CD-ROMs, DVDs, etc., a party may designate all information therein as CONFIDENTIAL by affixing a legend stating the same to the outside of the medium or container.

d) To designate a portion of a deposition transcript as CONFIDENTIAL, a Designating Party may either make a statement on the record to that effect or must, within thirty days after the deposition transcript is delivered to the Designating Party, provide to all counsel written notice identifying the specific portion (page and line(s)) of the deposition transcript that counsel for the Designating Party in good faith believes to contain CONFIDENTIAL INFORMATION. The portions so designated shall not be utilized or disclosed by the other party, its agents, or its employees, except in accordance with the terms of this Protective Order. All parties shall mark their copies of the

transcript by stamping the word "CONFIDENTIAL" upon those portions so designated.

(e) Documents, testimony, evidence, and other matters may not be deemed CONFIDENTIAL INFORMATION if the substance of the documents, testimony, evidence, or matter:

i) does not constitute a trade secret or other confidential research, development, or commercial information, as defined by Fed.R.Civ.P. 26(c)(7);

ii) is, at the time of disclosure by the Designating Party, already in the possession of the Recipient Party and was not acquired from the Designating Party; or

iii) has been made available to the Recipient Party by a third party who obtained the same by legal means without any obligation of confidence to the Designating Party.

(f) CONFIDENTIAL INFORMATION shall not be disclosed to any persons other than:

i) the attorneys for the Recipient Party in this litigation and paralegal and clerical staff (whether employees or independent contractors) who are assisting in the litigation;

ii) the Recipient Party and officers, directors and/or employees of the Recipient Party who have direct responsibility for assisting such counsel in the preparation and trial of the action;

iii) court reporters, court officials, and the jury involved in this litigation;

        iv)        experts, consultants, and investigators and their staff who are retained by a party for purposes relating to this litigation and who have executed a Confidentiality Agreement in the form attached as Exhibit A; and

        v)        any other non-party witnesses or deponents who have executed a Confidentiality Agreement in the form attached as Exhibit A, or deponents who agree on the record to maintain the confidentiality of the material.

CONFIDENTIAL INFORMATION received by any of the persons in the categories listed above shall be used only for purposes of this litigation and for no other purposes, including for any other litigation, whether on the same issues in this case or others, or for any business or personal purpose.  Nothing in this Protective Order shall prevent the Designating Party from any use of its own confidential documents.  CONFIDENTIAL INFORMATION may not be disclosed to the persons described in category (iv) and (v), above, unless the disclosing party determines in good faith that the disclosure is necessary for the purpose of developing testimony of such witness or deponent or for the purpose of consultation regarding this litigation.  CONFIDENTIAL INFORMATION provided to a receiving party shall be securely maintained in the offices of that party's counsel.  Any recipient of CONFIDENTIAL INFORMATION shall maintain such information in a secure and safe area, and the recipient shall exercise due and proper care with respect to the storage, custody, access and use of all such information.  In addition, any summary or copy of CONFIDENTIAL INFORMATION shall be subject to the terms of this Protective Order to the same extent as the information or document of which summary or copy is made, and must be clearly labeled as containing CONFIDENTIAL INFORMATION.

g) CONFIDENTIAL INFORMATION may be copied or reproduced only to the extent reasonably necessary for the conduct of this lawsuit. All such copies or reproductions shall be subject to the terms of this Protective Order.

h) If the Court orders that access to or dissemination of CONFIDENTIAL INFORMATION shall be made to persons not included in paragraph 1(f) above, such CONFIDENTIAL INFORMATION shall only be accessible to, or disseminated to, such persons after they have executed a Confidentiality Agreement in the form attached as Exhibit A, unless the Court rules otherwise.

**2.      No Waiver.**

The disclosure of CONFIDENTIAL INFORMATION pursuant to discovery or the procedures set forth in this Protective Order shall not constitute a waiver of any trade secret or any intellectual property, proprietary, or other rights to or in such information, nor shall it constitute a waiver of any privacy rights established by Colorado or Federal law.

**3.      Use in Depositions.**

Material designated as CONFIDENTIAL may be used at a deposition if: (a) the counsel for the party using such material advises the witness of the terms of this Protective Order and the witness agrees on the record to maintain the confidentiality of the material; or (b) the witness executes the Confidentiality Agreement in the form of Exhibit A. If the witness declines to execute the Confidentiality Agreement or otherwise maintain the confidentiality of the material, the party seeking to use such CONFIDENTIAL INFORMATION must obtain leave from the Court before disclosing the material to the witness.

**4.     Use in Briefs and as Exhibits.**

If any document containing CONFIDENTIAL INFORMATION produced in this litigation is to be filed as an exhibit to any court record or pleading, or otherwise placed among the court papers in this litigation, such document or documents shall be filed with the Court under seal pursuant to the Federal Rules of Civil Procedure and the Local Rules for the United States District Court for the District of Colorado.

**5.     Application of this Protective Order.**

a)     This Protective Order shall apply to all discovery responses or papers, deposition transcripts, summaries, notes, abstracts, or other documents or information that comprise, embody, or summarize any documents or information, in any form, produced in this litigation that contain CONFIDENTIAL INFORMATION.

b)     Nothing in this Protective Order shall affect the admissibility into evidence of CONFIDENTIAL INFORMATION, or abridge the rights of any party to seek judicial review or to pursue other appropriate judicial action with respect to any ruling made by the Court concerning the status of CONFIDENTIAL INFORMATION. Agreement to the terms of this Protective Order is without prejudice to a party's right to request that the Court rescind, modify, alter, or amend this Protective Order with respect to specific documents or information.

**6.     Confidentiality Challenge.**

A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information.  The written notice shall identify the information to which the objection is made.  If the parties cannot resolve the objection within twenty (20) business days after the time the notice is

received, it shall be the obligation of the party objecting to the designation of the information as CONFIDENTIAL to file an appropriate motion within thirty (30) business days of the objection requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order.  If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion.  If the objecting party fails to file such a motion within the prescribed time, the disputed information shall be treated as CONFIDENTIAL in accordance with this Protective Order.

**7.     Confidential Information at Trial.**

The designation of any information, documents, or things as CONFIDENTIAL pursuant to this Protective Order shall not, in and of itself, raise any inference as to the confidentiality of any information, documents, exhibits, or things marked for identification purposes or introduced into evidence at the trial of this litigation.  Nothing in this Protective Order, however, shall preclude any party from seeking confidential treatment from the Court with respect to such information, documents, exhibits, or things or from raising any available objections, including without limitation objections concerning admissibility, materiality, and privilege.  The parties to this Protective Order expressly reserve at this time a determination as to the manner in which CONFIDENTIAL INFORMATION may be used in an evidentiary hearing or at trial.  Special procedures or *in camera* treatment, if any, shall be determined in the future.

**8.     Specific Disclosure.**

By joint agreement, the parties, through their counsel, may agree to any specific disclosure of CONFIDENTIAL INFORMATION in a particular circumstance without

prejudice to the continued application of this Protective Order regarding other uses of that CONFIDENTIAL INFORMATION.

**9.     Non-Parties.**

A non-party who produces any information, documents or things in this litigation that it wishes to be treated as CONFIDENTIAL may become a party to the Protective Order, by signing a copy of it and giving prompt notice to all other parties in this case, but doing so shall not entitle the non-party to have access to discovery materials or CONFIDENTIAL INFORMATION of a party.  A non-party may also designate as CONFIDENTIAL any information, documents, or things produced by that third-party in this litigation pursuant to the terms of this Protective Order.

**10.    Return or Destruction of Confidential Information.**

After final disposition of this case, whether by judgment, including appeals, settlement, or otherwise, counsel of record for each of the parties shall return all CONFIDENTIAL INFORMATION to the Designating Party, including all copies of such CONFIDENTIAL INFORMATION, or certify, in writing, that all CONFIDENTIAL INFORMATION has been destroyed, within 30 days of the final disposition of this case.

Dated at Denver, Colorado this 31st day of July, 2006.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 05-CV-01933-WDM-MEH

ROBERT L. KEENAN AND EUGENE G. SENA,

Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES; MARVA L. HAMMONS, Executive Director in her official capacity; CROWLEY COUNTY, COLORADO, BOARD OF COMMISSIONERS; T.E. ALLUMBAUGH, Commissioner, in his official and individual capacities; MATTHEW HEIMERICH, Commissioner, in his official and individual capacities; DWIGHT L. GARDNER, in his official and individual capacities,

Defendants.

---

### AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER
---

The undersigned hereby acknowledges that he/she has read the Stipulated Protective Order dated _____, 2006 in the above-captioned action and attached hereto, understands the terms thereof, and agrees to be bound by its terms. The undersigned submits to the jurisdiction of the United States District Court for the District of Colorado in matters relating to the Protective Order, and understands that the terms of the Protective Order obligate him/her to use Confidential Information in accordance with the Protective Order solely for the purposes of the above-captioned action, and not to disclose any such documents or information derived directly therefrom to any other person, firm or concern.

The undersigned acknowledges that violation of the Protective Order may result in penalties for contempt of court.

Name: _____

Job Title: _____

Employer: _____

Business Address: _____

_____

_____

Date: _____

_____
Printed Name

_____
Signature