IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01933-WDM-MEH

ROBERT L. KEENAN and EUGENE G. SENA,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES; MARVA L. HAMMONS, Executive Director in her official capacity; CROWLEY COUNTY, COLORADO, BOARD OF COMMISSIONERS; T.E. ALLUMBAUGH, Commissioner, in his official and individual capacities; MATTHEW HEIMERICH, Commissioner, in his official and individual capacities; DWIGHT L. GARDNER, in his official and individual capacities,

      Defendants.

_____

**ORDER ON PLAINTIFFS' MOTION TO COMPEL**
_____

Before the Court is Plaintiffs' Motion to Compel, F.R.C.P. 37 [Docket #73], in which Plaintiffs seek the production of certain documents that the State Defendants have withheld on the basis of deliberative process privilege. The matter is fully briefed and has been referred to this Court [Docket #74]. Oral argument would not materially assist the Court in adjudicating this motion. As set forth below, the Court **grants** in part and **denies** in part the Motion to Compel.

**I.**    **Facts**

Plaintiffs are former employees of the Crowley County Department of Social Services ("CCDSS"). Plaintiffs were terminated after the Colorado Department of Human Services ("CDHS") conducted an audit of CCDSS. The auditors for CDHS presented a draft report to the Crowley County Commissioners on March 24, 2005, and the Commissioners voted to terminate Plaintiffs' employment on March 25, 2005. Plaintiffs received no opportunity to respond to the draft audit report before their termination, and Defendants now claim that, regardless of any potential denial of

due process, the Commissioners had adequate grounds to support their decision to terminate Plaintiffs.

In the instant Motion, Plaintiffs seek all documents and notes surrounding the audit and the draft report because the Commissioners relied on the draft report in making their decision to terminate Plaintiffs. The State Defendants object to this motion on the basis that the documents sought are pre-decisional, advisory documents that are subject to the deliberative process privilege. In turn, Plaintiffs argue that the public interest supports discovery in this instance and that some of the notes redacted by State Defendants include facts, not just mental impressions. As such, Plaintiffs claims that these documents are investigative and factual in nature and, therefore, not subject to privilege.

**II.     Discussion**

   **A.     Legal Standard for Deliberative Process Privilege**

The deliberative process privilege "covers documents reflecting advisory opinions, recommendations, and deliberations that are part of a process by which governmental decisions and policies are formulated." *DOI v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8 (2001) (citation omitted). It "rests on the obvious realization that officials will not communicate candidly among themselves if each remark is a potential item of discovery and front page news, and its object is to enhance 'the quality of agency decisions by protecting open and frank discussion among those who make them within the Government.'" *Id.* (internal citations omitted).

For the deliberative process privilege to apply, Defendants must demonstrate that "the document is predecisional and deliberative, meaning the document must actually be related to the process by which policies are formulated." *Center for Biological Diversity v. Norton*, 336 F.

2

Supp.2d 1155, 1159 (D.N.M. 2004) (internal quotations and citations omitted).

Nevertheless, even if the privilege applies, it is not absolute. "The Court must next determine whether the need for the evidence overrides the government's need to maintain confidentiality of the documents." *Id.* at 1161. The Court is to consider the following factors in making this determination: (1) the relevance of the evidence; (2) the availability of other evidence; (3) the government's role in the litigation; and (4) the extent to which disclosure would hinder frank and independent discussion regarding contemplative policies and decisions. *Id.* If governmental misconduct in the deliberative process is at issue, many courts find this to weigh in favor of overriding the privilege under the preceding factors. *See Dominion Cogen, D.C. v. District of Columbia*, 878 F. Supp. 258, 268 (D.D.C. 1996) (holding that allegations of illegal political motive "raise questions of governmental misconduct and place the deliberative process itself directly in issue").

### B.    Scope of the Deliberative Process Privilege

As an initial matter, the Court does not find the deliberative process inapplicable in this case based on any allegations of governmental misconduct. Although Plaintiffs contend that the subjective impressions of the auditors will reveal whether the audit was indeed conducted objectively, these general allegations are insufficient to override the privilege. *Cf.*, *United States v. Board of Educ.*, 610 F. Supp. 695, 700 (N.D. Ill. 1985) (allowing discovery of deliberative process because "the decision making process is not 'swept up into' the case, it is the case") (citations omitted). Plaintiffs' conclusory allegations of a potentially biased audit are insufficient to abrogate the deliberative-process privilege.

Nonetheless, the Court must determine which documents in this case are properly subject to this privilege.   Documents 4, 5, and 6 are hand-written notes that represent the subjective mental

impressions of the auditors before the report was even in "draft" form. Under the requisite factors, the Court finds these notes to be predecisional to the report upon which the Commissioners relied in terminating Plaintiffs' employment. Regarding these documents, Plaintiff's Motion is **denied**.

Documents 14 and 15 are draft affidavits dated March 24, 2005. Although the draft report was completed on March 21, 2005, it was provided to the Commissioners on March 24, 2005. The parties do not indicate whether the subject drafts were also given to the Commissioners on March 24, 2005. Plaintiffs argue that because these drafts are subsequent to the completion of the draft report on March 21, 2005, they are no longer predecisional. This Court cannot agree. As long as the documents remain subject to revision, they are protected. *See Burke Enery Corp. v. Dep't of Energy*, 583 F. Supp. 507, 513 (D. Kan. 1984). With respect to these documents, Plaintiff's Motion is **denied**.

Documents 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, and 24 represent correspondence between auditors and others regarding employees of CCDSS and families within the CCDSS program. For these documents, State Defendants have failed to establish that these documents contain only subjective impressions rather than facts relating to the audit. Thus, the Court considers these documents to be investigatory in nature, rather than predecisional, and to these documents will **grant** Plaintiff's Motion to Compel.

### III.   Conclusion

Accordingly, for the reasons stated above, it is hereby ORDERED that Plaintiffs' Motion to Compel, F.R.C.P. 37 [Filed September 29, 2006; Docket #73] is **granted** in part and **denied** in part. State Defendants are directed to produce documents 12, 13, 14, 17, 18, 19, 20, 21, 22, 23, and 24

no later than December 8, 2006.

      Dated at Denver, Colorado, this 30th day of November, 2006.

                                            BY THE COURT:

                                        s/ Michael E. Hegarty
                                        Michael E. Hegarty
                                        United States Magistrate Judge