IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01933-WDM-MEH

ROBERT L. KEENAN and EUGENE G. SENA,

      Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES; KAREN L. BEYE, Executive Director, in her official capacity; CROWLEY COUNTY, COLORADO, BOARD OF COMMISSIONERS; T.E. ALLUMBAUGH, Commissioner, in his official and individual capacities; MATTHEW D. HEIMERICH, Commissioner, in his official and individual capacities; DWIGHT L. GARDNER, Commissioner, in his official and individual capacities,

      Defendants.

## ORDER ON MOTION TO AMEND SCHEDULING ORDER FOR DESIGNATION OF NON-RETAINED EXPERTS

The Crowley County Defendants have previously designated three Colorado Department of Human Services auditors (Sharen Ford, Jenice May, and Arthur Atwell) as fact witnesses in this case. Plaintiff's counsel has taken the deposition of these witnesses. These auditors participated in an audit of an office of Crowley County, Colorado that is at the heart of this case. Second Amended Complaint at ¶ 29 ("On February 28 through March 3, 2005, Department employees Art Atwell, Jenise May, and Sharen Ford audited the Crowley child welfare program on site."). This audit was the alleged foundation of the Plaintiffs' termination.

These Defendants now seek to amend the Scheduling Order in this case to permit a belated designation of the three auditors as non-retained experts, to allow them to express opinions at trial. These Defendants' counsel represents that none of the auditors will express expert opinions commenting on the potential contested issues at trial, other than addressing, as

experts, the audit they conducted in 2005, the acts they performed and conclusions they reached, and the fact (or opinion perhaps) that their audit work relied on and complied with generally accepted practices associated with that type of audit (*i.e.*, an opinion concerning their historical actions as fact witnesses in this case).

Plaintiffs first contend that this motion is untimely. This is true, but a party may file a motion to amend the Scheduling Order after the time to do so has expired, and the standard for permitting such an amendment is provided by Fed. R. Civ. P 16(b), "[a] schedule shall not be modified except upon a showing of good cause . . . ." The decision to modify the Scheduling Order rests within the sound discretion of the trial court. *Sedillos v. Board of Educ. of Sch. Dist. No. 1*, No. 03-01526, 2005 U.S. Dist. LEXIS 36816 (D. Colo. Aug. 29, 2005). The standard for "good cause" is the diligence demonstrated by the moving party in attempting to meet the Court's deadlines. *Colorado Visionary Academy v. Medtronic, Inc.*, 194 F.R.D. 684, 687 (D. Colo. 2000). "Rule 16 erects a more stringent standard [than Rule 15(a)], requiring some persuasive reason as to why the amendment could not have been effected within the time frame established by the court." *Id.*

Nevertheless, while the Scheduling Order guides the subsequent course of the case, "'total inflexibility is undesirable.'" *Summers v. Missouri Pac. R.R. Sys.*, 132 F.3d 599, 604 (10th Cir. 1997) (citations omitted). Further, rigid adherence to the Scheduling Order is not advisable. *Sil-Flo, Inc. v. SHFC, Inc.*, 917 F.2d 1507, 1519 (10th Cir. 1990). A failure to timely amend may be excused if due to oversight, inadvertence, or excusable neglect. *Id.* However, "[i]n the Tenth Circuit, untimeliness alone is an adequate reason to refuse leave to amend," *Duncan v. Manager, Dep't of Safety*, 397 F.3d 1300, 1315 (10th Cir. 2005), "'especially when the party filing the motion has no adequate explanation for the delay.'" *Pallottino v. City of Rio*

*Rancho*, 31 F.3d 1023, 1027 (10th Cir. 1994) (citations omitted).

The Court finds adequate explanation for the delay here. Only in the last two months have numerous audit documents been released by the State of Colorado, pursuant to an Order of this Court on a motion to compel. The Crowley County Defendants contend that examination of these documents raised the need for potential expert testimony. The Court accepts this explanation.

Next, Plaintiffs argue that granting the relief would be prejudicial to them. One area of prejudice is the burden they would have in designating rebuttal experts. However, the Court would permit them to do so, the trial set in this matter is nearly a year away, and the area of "expertise" is a very narrow one, not likely to require significant expense.

Plaintiffs next claim "surprise at trial," but again, with a trial date in January 2008, that does not amount to prejudice. Plaintiffs also argue that the auditors' standing is enhanced if they are permitted to be designated as experts. However, their education, training, background and experience are what they are, and if such will result in the District Judge qualifying them as experts, then any enhanced standing is justified.

Finally, Plaintiffs raise the issue of the additional time and money they will have to spend. This concern is justified but does not mandate denial of the motion. Rather, if the Crowley County Defendants designate the auditors as non-retained experts, Plaintiffs will be permitted to take a supplemental deposition of each of them, at the Crowley County Defendants' expense, to include attorney's fees of one hour of preparation and one hour of deposition time per auditor, along with the actual cost of the supplemental depositions (court reporter fees and copies of the transcripts). The Crowley County Defendants shall notify Plaintiffs by February 9, 2007, whether they will proceed to designate the auditors as non-retained experts. If so,

Plaintiffs' deadline for designating a rebuttal expert will be March 9, 2007, and the deadline for re-deposing Defendants' experts and deposing Plaintiffs' rebuttal experts shall be March 31, 2007.

WHEREFORE, for the foregoing reasons, the Crowley County Defendants' Motion to Amend Scheduling Order for Designation of Non-Retained Experts [<u>Filed January 19, 2007; Docket #95</u>] is **granted** as specified herein.

Dated at Denver, Colorado this 1st day of February, 2007.

BY THE COURT:

<u>s/ Michael E. Hegarty</u>
Michael E. Hegarty
United States Magistrate Judge