IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 05-cv-01933-WDM-MEH

ROBERT L. KEENAN and
EUGENE G. SENA,

       Plaintiffs,

v.

COLORADO DEPARTMENT OF HUMAN SERVICES, et al.,

       Defendants.

_____

**ORDER ON DEFENDANTS' MOTION TO AMEND FINAL PRETRIAL ORDER**
_____

Before the Court is Defendants' Motion to Amend Final Pretrial Order [Docket #144]. The matter is briefed and has been referred to this Court for resolution [Docket #145]. Oral argument would not materially assist the Court in adjudicating this motion. For the reasons stated below, the Court **grants in part** and **denies in part** the Motion to Amend.

**I.    Background**

This case was filed on October 5, 2005, and the discovery period closed, after some extensions, on October 31, 2006. Dock. #72. Defendants filed their Motion for Summary Judgment, which was granted in part and denied in part on July 10, 2007. Dock. #137. The Final Pretrial Order was entered in this case on January 30, 2007. A jury trial is set for January 14, 2008. Defendants now seek to amend the Final Pretrial Order to include ten new exhibits and two new witnesses.

**II.    Discussion**

    **A.    Legal standard for amending the Final Pretrial Order**

The Final Pretrial Order serves the purpose of "insur[ing] the economical and efficient trial

of every case on its merits without chance or surprise." *Hull v. Chevron U.S.A., Inc.*, 812 F.2d 584, 588 (10th Cir. 1987). To that end, the Federal Rules of Civil Procedure allow for the amendment of a Final Pretrial Order "only to prevent manifest injustice." Fed. R. Civ. P. 16(e). The party seeking the amendment bears the burden of establishing that manifest injustice will occur without the amendment. *Koch v. Koch Indus., Inc.*, 203 F.3d 1202, 1222 (10th Cir. 2000). The decision to allow such an amendment rests within the sound discretion of trial court. *Roberts v. Roadway Express*, 149 F.3d 1098, 1107 (10th Cir. 1998). In exercising that discretion, the Court is guided by the following factors:

> (1) prejudice or surprise to the party opposing trial of the issue; (2) the ability of that party to cure any prejudice; (3) disruption to the orderly and efficient trial of the case by inclusion of the new issue; and (4) bad faith by the party seeking to modify the order.

*Koch*, 203 F.3d at 1222, 1222 n.10 (listing factors which the court of appeals should consider to determine whether a trial court has abused its discretion and noting that the trial court need not consider each factor).

### B. The amendments sought

#### 1. Exhibit 2

Exhibit 2 is a letter written by Plaintiff Robert Keenan to the Board of County Commissioners on July 24, 1991. Motion to Amend, Exh. 2. In this letter, Keenan mentions that he has been "removed from the Merit System" and that he "realizes that he is no longer a Merit System employee." *Id.* at 1. Both parties agree that a central issue in this case is whether Plaintiff is an at-will employee or a Merit System employee. Plaintiff now claims that he is a Merit System employee entitled to due process protections, and Defendants request this amendment to refute this claim.

Defendants did not disclose this letter during discovery because they say that it was discovered by "chance" in June of this year, after the Final Pretrial Ordered was entered. Defendants immediately disclosed the document to Plaintiff's counsel by letter dated June 21, 2007. Plaintiff argues, however, that he does not remember writing this letter, and that amendment this close to trial constitutes surprise and prejudice.

The Court does not believe that a letter written by Plaintiff can constitute surprise and prejudice to him, regardless of whether he remembers writing it. In addition, Defendants disclosed this letter to Plaintiff's counsel as soon as it was discovered, more than six months prior to trial. *See Davey v. Lockheed Martin Corp.*, 301 F.3d 1204, 1210-1211 (10th Cir. 2002) (distinguishing between amendments made during trial and amendments made prior to trial). Importantly, it would be manifestly unjust to allow Plaintiff at trial to take a contradictory position, without Defendants having the opportunity to use Plaintiff's prior written statements. To ameliorate any prejudice, the Court directs Defendants to produce all documents, including notes or correspondence, relating to this letter (*e.g.*, any responses to this letter or internal discussions concerning it. While this directive is not as broad as the scope suggested by Plaintiff, the Court finds this a sufficient remedy in this case and orders Defendants to produce these documents no later than **November 9, 2007**. To this extent, Defendants' motion is granted.

   2.   **Exhibit 6**

Exhibit 6 is the Drug and Alcohol Abuse Questionnaire dated December 21, 2004, for Mrs. P. Plaintiff contends that, although this file was produced during discovery, this document was not in Mrs. P.'s file. Significantly, Defendants do not attempt to explain how this document came to their attention well after the close of discovery yet was not in the file produced to Plaintiff during

3

discovery. Defendants instead rely on the fact that this document is consistent with two other exhibits already listed in the Final Pretrial Order. The Court does not find that this amendment is necessary to prevent manifest injustice, particularly given the fact that Defendants have other, non-prejudicial means of providing similar testimony. Accordingly, Defendants' Motion is denied as to this exhibit.

### 3. Exhibits 8 through 15

Defendants seek to add eight exhibits to the Final Pretrial Order that were part of the State Defendants' initial disclosures. Defendants listed these documents in their Fourth Supplemental Rule 26(a)(1) Disclosures on June 21, 2006. Plaintiff argues that these documents were part of social services case files numbering thousands of pages and were not previously identified by Defendants. Yet Plaintiff admits these documents were available for inspection as part of the auditor's files from the State Defendants in June 2006. Simply because Plaintiff did not choose to copy these documents does not mean that their inclusion at this date in the Final Pretrial Order is prejudicial, given the fact these documents have been available to Plaintiff since the early stages of litigation. The Court considers it significant that these documents were part of the Defendants' Rule 26(a)(1) disclosures, which Plaintiff was able to inspect and copy, if he desired. Moreover, Defendants pointed Plaintiff's counsel to these documents prior to her supplemental depositions of the state auditors.

Plaintiff further contends that Exhibit 15 is "irregular" and questions its authenticity. Whether the document meets the standard of admissible evidence is for the trial court to determine. Its production with the auditor's files and prior availability to Plaintiff is sufficient to show that precluding these exhibits would constitute manifest injustice. Defendants' Motion is, therefore, granted as to Exhibits 8 through 15.

### 4.     Witnesses Nelda Bender and Roxie Smith

Defendants seek to add two witnesses to the Final Pretrial Order who will testify that Plaintiff told them that he was not a Merit System employee. Defendants state that these witnesses will also refute Plaintiff's testimony that he was a competent and effective Director. Defendants contend that Plaintiff cannot claim prejudice because he worked with these witnesses during the majority of the time that he was employed by the Department of Social Services. In response, Plaintiff argues that Defendants interviewed these witnesses on April 30, 2004, and have known the relevance of their testimony since that time. Plaintiff further argues prejudice, given the inability to depose these witnesses at this late date. The Court agrees.

Again, Defendants provide no argument to support this late disclosure when the relevance of this testimony was clearly known to Defendants throughout this lawsuit, which has been pending for over two years. The Court believes this amendment would be severely prejudicial to Plaintiff and its late timing is inexcusable. Moreover, Defendants' argument that these witnesses are already included in the Final Pretrial Order as rebuttal or impeachment witnesses contradicts the requested amendment. To the extent that these witnesses are already included in this general statement of "[a]ny witness necessary for impeachment and/or rebuttal," no amendment is necessary, and it will be up to the district judge whether to allow their testimony as impeachment or rebuttal. To the extent that they are not included, the amendment is prejudicial, and Plaintiff cannot cure this prejudice at this late date. This amendment is, therefore, not necessary to prevent manifest injustice to Defendants. To this extent, Defendants' Motion to Amend is denied.

**III.     Conclusion**

Accordingly, for the reasons stated above, it is hereby ORDERED that Defendants' Motion to Amend Final Pretrial Order [Filed September 26, 2007; Docket #144] is **granted in part** and **denied in part**.  Specifically, the Final Pretrial Order is amended to include exhibits 2 and 8-15, and Defendants shall produce the documents directed in Section II.B.1 no later than November 9, 2007.

Dated at Denver, Colorado, this 1st day of November, 2007.

BY THE COURT:

s/ Michael E. Hegarty
Michael E. Hegarty
United States Magistrate Judge
